(No. 4875-

VIRGIL KIDD, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 8, 1962.*

BESSE AND BESSE, Attorneys for Claimant.

GRENVILLE BEARDSLEY, Attorney General; SAMUEL J. DOY, Assistant Attorney General, for Respondent.

PERLIN, J.

Claimant seeks to recover damages incurred to his leasehold when the State of Illinois appropriated land for a highway improvement.

Claimant, Virgil Kidd, was the lessee of a bowling alley and parking lot from Mr. and Mrs. E. O. Holbrook, who owned the property. Claimant entered into a lease on February 1, 1954 for a term of five years and five months at a rental of $500.00 per month with a five-year option to renew, which was not exercised. The leasehold consisted of two adjoining lots, one of which was improved by a building used by claimant as a bowling alley, and the other which was used by him as a parking area. The parking area had a capacity of about 45 to 50 cars. Each lot had a 125 foot frontage along U. S. Alternate Route No. 30.

The State of Illinois, Department of Public Works and Buildings, made an improvement on U. S. Alternate Route No. 30 in May, 1957. In making this improvement, the State appropriated a strip of land from both lots, 27 feet wide and 250 feet long. As a result, twelve to fifteen parking places were lost to claimant from May, 1957 to July 1, 1959, the end of the lease term — a period of twenty-six months.

It appears that there was no condemnation proceeding between the State of Illinois and the Holbrooks, as owners, or the claimant, as lessee. The record shows that the owners received from the State compensation for the land taken in an amount not set forth in this proceeding.

The lessee continued to pay the $500.00 per month rental for the twenty-six months remaining on the term of his lease at the time the land in question was taken.

Respondent does not question that the leasehold interest of claimant was damaged by respondent without just compensation. That a lessee may recover from the State for damages resulting from any taking of his leasehold has been recognized by the courts of Illinois. *Department of Public Works and Buildings* vs. *Bohne,* 415 Ill. 253, 113 N.E. (2d) 319. *Illinois Power Co.* vs. *Miller,* 11 Ill. App. (2d) 296, 137 N.E. (2d) 78. The only issue presented is one of determination of the amount of damages.

An expert witness testified for claimant that the parking lot in question had a fair and reasonable rental value of $150.00 per month. Such value was determined by him in ratio to the total rental of $500.00 per month paid by claimant for the bowling alley and parking lot. Claimant testified that the loss of the appropriated parking area resulted in a reduction in the amount of his weekly gross business, especially during the open bowling season. Another bowling alley operator testified that a parking lot is a valuable asset to any bowling alley, a fact which is not controverted.

Claimant contends that, inasmuch as approximately one-third of the parking lot was taken by the land acquisition, he was damaged to the extent of $50.00 per month for twenty-six months.

Respondent agrees that the measure of damages in a partial taking of a leasehold should be the value of the leasehold interest at the time of the taking, less the value of the premises not taken. The lessee is, according to respondent, entitled to compensation only, not to a profit, and that to award the lessee compensation measured by

his obligation to pay rent rather than by the property value would render him a profit. Respondent further claims that claimant's damages were speculative and not proven, since the testimony relating to the valuation of the leasehold was predicated on its value at the time of the hearing, and not as of the time of the taking three years prior.

Respondent submitted no evidence as to the value of the property in question. Respondent made no effort to show that the value of the leasehold interest is less than the $500.00 per month rental upon which claimant's request for damages is based, nor does respondent claim that the rental price, as contracted for in the lease, is unreasonable. In view of the fact that the land value had probably risen from 1954, when the lease was drawn, to 1957, when the land was taken, it would seem the valuation, as advocated by claimant, is not excessive.

In the recent case of *County Board of School Trustees* vs. *Elliott,* 14 Ill. (2d) 440, 152 N.E. (2d) 873, the Court held that the law of eminent domain contemplates that, where private property is taken for a public use, the owner is entitled to the amount of money necessary to put him in as good financial condition as he was with the ownership of his property at the time the petition is filed.

The Court finds that, since all of the parking space was valued fairly at $150.00 per month, and, since the parking space was reduced by one-third, the loss of value to the leasehold estate was $50.00 per month from the time of the improvement to the expiration of the lease.

Claimant, Virgil Kidd, is hereby awarded damages at the rate of $50.00 per month for a period of twenty-six months, during which he suffered loss, for a total amount of $1,300.00.